IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

ALHAJI JEWRU TOURAY et al,

    Defendants.

CIVIL ACTION FILE NO.

1:20-CR- 103-TWT

# ORDER

This is a criminal action.   It is before the Court on the Report and Recommendation [Doc. 198] of the Magistrate Judge regarding various motions of the Defendants. The Defendant Niaja Dace objects to the recommendation denying the Defendant's Motion to Suppress Search of 1354 Springhill Drive and Request for a Hearing Pursuant to Franks v. Delaware. The Magistrate Judge correctly held that affidavits for warrants are presumptively valid.   *United States v. Gamory*, 635 F.3d 480, 490 (11th Cir. 2011).   If a defendant wishes to "challenge the veracity of an affidavit in support of a search warrant" she must first make "a 'substantial preliminary showing' that (1) the affiant deliberately or recklessly included false statements,  or  failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to the finding

T:\ORDERS\USA\20\20cr103-1\r&r.docx

of probable cause." *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006).   Omissions that are not reckless, but are instead negligent, or insignificant and immaterial, will not invalidate a warrant.   *Madiwale v. Savaiko*, 117 F.3d 1321, 1327 (11th Cir. 1997).   Furthermore, when material that is the subject of the alleged falsity or reckless disregard is set to one side and there remains sufficient content in the warrant affidavit to  support  a finding of probable cause, the warrant is valid.   *Madiwale*, 117 F.3d at 1326–27. The  CS  identified 1354 Springhill Drive as the location where  they  "had previously vacuum sealed bags of marijuana" with A.J. Touray. FBI agents corroborated this information via a trash pull at 1354 Springhill Drive that revealed "numerous vacuum seal bags containing marijuana residue," receipts  with A.J. Touray's name, and 16 empty aerosol cans used to dispense expandable foam—a substance "often  used by  drug  traffickers  to  package narcotics  in  the  hope  that  the  narcotics will be harder to detect."  Thus, regardless of whether agents were able to verify other information provided by the CS, they were able to corroborate incredibly pertinent information that related directly to the subject property.   The Magistrate Judge correctly concluded that the  affidavit  appears  to  have  contained  no "omission", but whatever omission there may have been was, at best, insignificant

2

and immaterial.  Moreover, even if the information from the CS were set aside, there would be sufficient content in the warrant affidavit to support a finding of probable cause—namely, the information gathered during the trash pull and the rest of the investigation.   As such, the Defendant is not entitled to a Franks hearing regarding the alleged "omission" of information regarding the CS. *Madiwale*, 117 F.3d at 1326–27. The Defendant's naked assertion that "the trash pull may have been an illegal foray on to the curtilage of the property" does not entitle her to "an evidentiary hearing to get to the bottom of whether the agents violated the Fourth Amendment." The Defendant's Motion to Suppress [Doc. 117] is DENIED.

The Defendant Alhagi Kebba Njie objects to the recommendation that his Motion to Suppress [Doc. 138] be denied. The Magistrate Judge correctly held that an officer needs probable cause to conduct a warrantless arrest.  *United States v. Lyons*, 403 F.3d 1248, 1253 (11th Cir. 2005).  "Probable cause exists where the facts and circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe an offense has been or is being committed."  *United States v. Blasco*, 702 F.2d 1315, 1324 (11th Cir. 1983).  "Probable cause is not a high bar."  *United States v. Delgado*, 981

F.3d 889, 897 (11th Cir. 2020). All that is necessary is the mere "probability or substantial chance of criminal activity." Id. Whether probable cause to arrest exists depends on the totality of the circumstances. *Lyons*, 403 F.3d at 1253–54. If there is probable cause to arrest a person, then theperson can be searched incident to the arrest. *United States v. Robinson*, 414 U.S. 218, 224 (1973) ("It is well settled that search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment."). Njie's arrest was supported by probable cause. On February 11, 2020, A.J. Touray was in telephone communication with a CS and told the CS he would provide the telephone number for his "nephew." A.J. Touray then provided two phone numbers "for an individual identified as 'Pa Njie Mina.'" The CS communicated with this individual, who said he would "be traveling to 'Hilltop'" to meet with the CS to facilitate the sale of marijuana at A.J. Touray's direction. When agents searched the 7541 Hilltop Way residence, they found Njie, another individual, well over 100 pounds of marijuana, digital scales, guns, $34,303 in bulk U.S. currency, an electric money counter, etc. Such evidence was enough for the agents to conclude that there was a "probability or substantial chance of criminal activity" at the 7541 Hilltop Way residence. *See Delgado*, 981 F.3d at 897.

Because Njie's arrest was lawful, the search of his person incident to the arrest was lawful. *Robinson*, 414 U.S. at 224. With respect to the search of his cellphone, using common sense, Magistrate Judge Baverman had a substantial basis for concluding that "Pa Njie Mina" was Njie. Because "Pa Njie Mina" used a phone to facilitate the drug transaction, Magistrate Judge Baverman had ample evidence to conclude there was a "fair probability of finding" evidence of criminal activity on Njie's phone. *See Brundidge*, 170 F.3d at 1352. Even if there was a defect in the search warrant—which there was not—the evidence obtained during the search of Njie's phone would be admissible under the Leon good faith exception. The Defendant's Motion to Suppress [Doc. 138] is DENIED.

The Defendant B. Touray objects to the Magistrate Judge recommending denial of his Motion to Suppress [Doc. 125]. The Magistrate Judge correctly held that longstanding precedent holds that warrantless searches at international borders of the United States may be conducted without any suspicion of criminal activity. *United States v. Santiago*, 837 F.2d 1545, 1547 (11th Cir. 1988) (citing *United States v. Ramsey*, 431 U.S. 606, 619 (1977); *United States v. Haley*, 743 F.2d 862, 864 (11th Cir. 1984); *United States v. Hernandez-Cuartas*, 717 F.2d 552, 555 (11th Cir. 1983); *United States v. Garcia*, 672 F.2d 1349, 1353–54

(11th Cir. 1982)).  Defendant cites to non-binding authority holding that a border search of a cellphone requires reasonable suspicion, but there is no authority from the Eleventh Circuit imposing that standard.  Even assuming arguendo that the officers needed reasonable suspicion to seize and   search   B.   Touray's cellphone,  they  met  that  standard.  Less than 7 weeks before the border search, he was stopped in Atlanta with approximately $66,000 in suspected drug proceeds.  On the day of the search itself, B. Touray had a   substantial amount of money on his person—over $13,000.  Additionally, during the search, B.  Touray appeared  nervous,  was  sweating  profusely,  and  had  trouble  answering questions.  None of these facts are definitive proof of criminal activity, but the agents  did  not  need  proof  of  criminal  activity.   The  agents  only needed  a "particularized  and  objective  basis  for  suspecting"  that  B. Touray  had committed  a  crime, which they had. The Defendant's Motion to Suppress [Doc. 125] is DENIED.

The  Defendant  Alhaji  Jewru  Touray  objects  to  the  Magistrate  Judge recommending denying his Motion to Sever [Doc. 21 & 104], denying his Motion to Suppress [Doc. 190] and denying his Motions to Dismiss [Doc. 113, 115, 120, 121 &127]. The Defendant's Motion to Suppress [Doc. 190] is DENIED for the reasons given above in denying the Defendant Dace's Motion to Suppress. Defendant

A.J. Touray argues Count Two should be severed because the illegal reentry offense is "wholly unrelated" to the other charges. The Magistrate Judge correctly held that determining whether charges should be severed involves a two-step analysis. *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). First, the Court decides whether the charges are properly joined under Federal Rule of Criminal Procedure 8(a) .Joinder is authorized if the offenses charged "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Crimes are "connected" within the meaning of Rule 8(a) "if the proof of one crime constitutes a substantial portion of the proof of the other." *United States v. Montes-Cardenas,* 746 F.2d 771, 776 (11th Cir. 1984). The Court "must construe Rule 8 broadly in favor of the initial joinder." Id . Second, even if counts are properly joined, the Court must decide if the joinder of the offenses "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Even if the offenses are "seemingly unrelated," they may be joined together if they are, in fact, "connected to the same general [criminal] scheme." *United States v. Annamalai*, 939 F.3d 1216, 1223 (11th Cir. 2019). The reality is that A.J. Touray committed the offense of illegally reentering the United States in conjunction with his involvement in an alleged money laundering conspiracy.

7

As the Government explains, the first time A.J. Touray was "found in" the United States was when he "was traveling from Atlanta to San Francisco on December 12, 2018 with more than $73,000 in his checked luggage that gave off the odor of narcotics." That is, in proving A.J. Touray's connection to the money laundering that allegedly took place on December 12, 2018, the Government will introduce evidence that A.J. Touray was "found in " the United States, traveling from Atlanta to San Francisco. In other words, the Government's evidence of A.J. Touray's alleged involvement in the money laundering conspiracy will constitute a "substantial portion of the proof of the" illegal reentry offense. *See Montes-Cardenas*, 746 F.2d at 776. There does not need to be a "but for" connection between two offenses for them to be joined. A.J. Touray next argues that certain counts should be dismissed for improper venue, namely Count Two and Count Four. Count Two charges a violation of 8 U.S.C. § 1326, which makes it illegal for an alien who has been deported to thereafter be "found in" the United States. 8 U.S.C. § 1326(a). As A.J. Touray correctly argues, Count Two must be brought "in the federal district where [he] was voluntarily found." But A.J. Touray mistakenly argues he was not "found in" the United States until he was arrested in the Northern District of California in February 2020. A.J. Touray also contends that Count Four should be

dismissed for improper venue because the weapons at issue in that count were "found in California" and they have no "connection to the alleged conspiracy . . . in Count Three."   Rule 18 provides that venue is proper "in *a* district where the offense was committed," clearly contemplating that multiple districts might provide a proper venue.   See Fed. R.  Crim.  P.  18 (emphasis added). A.J. Touray's argument that there is no connection between the firearms found in  California  and the drugs found in Atlanta is unavailing. A.J. Touray allegedly communicated with a confidential source about "traveling to Atlanta, Georgia to  purchase marijuana and cocaine from [his] associates."  Defendant A.J. Touray moves to dismiss Counts Four and Six and Counts Three and Five on the grounds that they are multiplicitous.  "An indictment  is  multiplicitous  if  it charges a single offense in more than one count." *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008). Counts Four and Six each charge violations of § 924(c)(1).   But A.J. Touray is incorrect in   arguing both charges rely on "the same underlying predicate offense."   Count Four lists "the conspiracy to possess with intent to distribute marijuana described in Count Three" as its predicate offense; and Count Six lists "the possession  with  intent  to distribute  marijuana described in Count [Five]" as its predicate offense.  Thus, "each count requires an element of proof that the other" does not, namely proof of different

9

underlying offenses. *See Williams*, 527 F.3d at 1241.   Moreover, even if the two counts did rely on the same predicate offense, that does not mean they "are in fact one and the same offense,"   as A.J. Touray argues. Defendant A.J. Touray also argues Counts Three and Five are multiplicitous.   Count Three charges a conspiracy "to knowingly and intentionally possess with intent to distribute controlled substances."   Count Five charges the actual "possess[ion] with the intent to distribute a controlled substance."   20 "Conspiracy and the substantive offense that is the object of the conspiracy are separate and distinct crimes."   *United States v. Hernandez*, 141 F.3d 1042, 1052 (11th Cir. 1998). Defendant A.J. Touray moves to dismiss Count One on the grounds that it fails to state an offense.   The Magistrate Judge correctly held that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c).   A defendant may file a motion alleging a defect in the indictment, including  a "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."

*United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) (quoting *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009)). "It is generally sufficient that an indictment set forth the offense in the words of the  statute  itself,  as  long as  those  words  fully,  directly,  and  expressly,  without  any  uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."  *United States v. Garrett*, 467 F. App'x 864, 867 (11th Cir. 2012). The indictment provides "facts and circumstances"   that are sufficient to inform A.J.  Touray of  the  specific  money  laundering  conspiracy  with  which he  is  charged.  *See Russell*, 369 U.S. at 765.  Namely, Count One describes where  the  alleged conspiracy  took  place,  informs  A.J.  Touray  of  the nature  of  the  proceeds  at  issue,  provides  a  clear  timeframe,  and  lists numerous  co-conspirators  who  were  allegedly  involved  in  the  conspiracy. The Defendant's Motion to Sever [Doc. 21 & 104], Motion to Suppress [Doc. 190] and Motions to Dismiss [Doc. 113, 115, 120, 121 &127] are DENIED.

SO ORDERED, this __8th__ day of November, 2021.

THOMAS W. THRASH, JR.
United States District Judge

11